IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALEXANDER J. McLEOD,          )
AIS 267645,                   )
                              )
        Petitioner,           )
                              )
    v.                        )        CASE NO. 1:25-CV-62-WKW
                              )               [WO]
ALABAMA THERAPEUTIC           )
EDUCATION FACILITY            )
WARDEN OR DIRECTOR,           )
                              )
        Respondents.          )

## MEMORANDUM OPINION AND ORDER

This case is before the court on *pro se* Petitioner Alexander McLeod's amended petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons below, Mr. McLeod's petition will be dismissed for failure to exhaust his claims in state court. Additionally, a certificate of appealability will not be issued.

## I. BACKGROUND

Mr. McLeod challenges the sentences he received for convictions of first-degree assault, leaving the scene of an accident with injury or death, and reckless murder in the Circuit Court of Dale County. (Doc. # 8 at 1.)  He asserts he was sentenced to a 10-year split and a 20-year sentence for the same charge and that the 20-year sentence is over the maximum punishment prescribed by law.  (*Id*. at 8.)

Mr. McLeod pleaded guilty to the above three charges on August 22, 2022, and was sentenced that same day.[1]  (*Id*. at 1–2.) In his petition, Mr. McLeod checked the box indicating that he appealed his convictions, but he describes the appeal as filing a Rule 32 petition in the trial court, which was denied April 1, 2024, and filing a motion for reconsideration in the trial court, which was either filed or denied in April or May of 2024.[2]  (*Id*. at 2, 4.) There is no indication that Mr. McLeod filed a direct appeal with the Alabama Court of Criminal Appeals or that he appealed the denial of his Rule 32 petition.

In Alabama, a petitioner has 42 days from pronouncement of his sentence to file a notice of a direct appeal. Ala. R. App. P. 4(b)(1).  In the case of a conviction appealed to the Court of Criminal Appeals, a petitioner has one year after the issuance of a certificate of judgment by the Court of Criminal Appeals to file a Rule 32 petition. Ala. R. Crim. P. 32.2(c).  If a conviction is not appealed to the Court of Criminal Appeals, a petitioner has one year from the deadline for filing a direct appeal to file a Rule 32 petition.  *Id*.  A petitioner has 42 days to appeal the denial of a Rule 32 petition.  Ala. R. Crim. P. 32.10(a); Ala. R. App. P. 4(b)(1).  A petitioner

---

[1] In his petition, Mr. McLeod states he was convicted on August 22, 2022, and sentenced on December 19, 2022. However, independent verification through *Alacourt.com* confirms that Mr. McLeod pleaded guilty and was sentenced on August 22, 2022.

[2] Although not referenced in his petition, the state court records reflect that Mr. McLeod also filed a motion to vacate, set aside, or correct his sentence with the trial court on October 7, 2024, and that it was denied the same day.

may also file a successive petition under Rule 32.1(f) to seek an out-of-time appeal from the dismissal or denial of a Rule 32 petition within six months from the date he discovers the dismissal or denial if the failure to appeal was not the petitioner's fault. *See* Ala. R. Crim. P. 32.1(b) and 32.2(c).

Mr. McLeod's 42-day deadline to file an appeal after sentencing expired on October 3, 2022. He did not file a direct appeal, so his one-year-after deadline expired on October 3, 2023. Mr. McLeod filed a timely Rule 32 petition in each of his three criminal cases on July 23, 2023. The trial court denied the petitions on April 1, 2024, and he had 42 days to appeal the denials. Additionally, he had six months after learning of those denials to file a successive Rule 32.1(f) petition seeking an out-of-time appeal. There is no indication in the record that Mr. McLeod filed an appeal or a successive Rule 32.1(f) petition seeking an out-of-time appeal. Instead, the record shows he filed a motion for reconsideration with the trial court on May 6, 2024, which was denied the same day, and a motion to vacate, set aside, or correct illegal sentence with the trial court on October 7, 2024, which was also denied the same day, *see supra* note 2. He then filed the instant action on October 21, 2024.

## II.  DISCUSSION

A petitioner must exhaust state court remedies before seeking relief through a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1). This ensures the State has an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal

rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989).

To meet the exhaustion requirement, the federal habeas petitioner must have "'fairly presented' to the state courts the 'substance' of his federal habeas claim." *Lucas v. Sec'y, Dep't of Corrs.*, 682 F.3d 1342, 1353 (11th Cir. 2012) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). In other words, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This one complete round can be satisfied either through a direct appeal to the Alabama appellate courts or through a post-conviction petition for collateral review under Rule 32 of the Alabama Rules of Criminal Procedure. *See Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review to the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); *see also Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004) ("A complete round of the state appellate process includes discretionary appellate review 'when that review is part of the ordinary appellate review procedure in the State.'"); *Wrenn v. Toney*, No. 21-13337-E, 2022 WL 966398, at *1 (11th Cir.

Feb. 10, 2022) (finding claims procedurally barred because petitioner failed to exhaust claims, as he did not appeal denial of Rule 32 petition); *see also* Ala. R. Crim. P. 32.1(f), 32.2(c); Ala. R. App. P. 39 & 40.

Furthermore, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face, *see* 28 U.S.C. § 2254 Rule 4." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The Eleventh Circuit has affirmed such *sua sponte* dismissals without prejudice for unexhausted habeas petitions. *See, e.g.*, *Esslinger v. Davis,* 44 F. 3d 1515, 1524 (11th Cir. 1995).

Based on a review of Mr. McLeod's § 2254 petition and the state court records, it is clear that he failed to exhaust his state court remedies regarding the claims in his petition. Mr. McLeod indicates that he filed post-conviction Rule 32 motions but never filed an appeal of the denial of those motions or a successive petition to seek an out-of-time appeal. Thus, this Court cannot address the merits of his § 2254 motion.

### III. CONCLUSION

Accordingly, it is ORDERED that Mr. McLeod's petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and sentence for reckless murder, first-degree assault, and leaving the scene of an accident with injury in the Circuit Court of Dale County, is DISMISSED without prejudice for failure to exhaust his state court remedies.

All pending motions are DENIED as moot.

Because Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253, a certificate of appealability will not be issued.

Final judgment will be entered separated.

DONE this 17th day of April, 2025.

/s/ W. Keith Watkins

UNITED STATES DISTRICT JUDGE
